UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT (HARTFORD)

FILED

2004 FEB 10 A 10: 49

DISTRICT COURT

| | | |
|---|---|---|
| **DIRECTV, Inc.** | ) | Case No.: **303CV0487-AWT** |
| | ) | |
| Plaintiff, | ) | **MOTION FOR DEFAULT OR OTHER** |
| | ) | **SANCTIONS** |
| vs. | ) | |
| | ) | |
| **ALEX FARKASH** | ) | |
| | ) | |
| | ) | |
| Defendant | | |

Now comes the Plaintiff, DIRECTV, Inc. (hereinafter " DIRECTV " or the "Plaintiff") and it hereby moves this Honorable Court to enter default or other sanctions against the Defendant. As grounds therefore, the Plaintiff states as follows:

1. Plaintiff's counsel's records reflect that after conferring and negotiating with the Defendant throughout the summer and up to September 25, 2003, Plaintiff's counsel sent a proposed 26(f) report to the Pro Se defendant on or about September 25, 2003;

2. The defendant has never executed or returned said 26(f) report;

3. On or about October 3, 2003 the Plaintiff and Defendant reached a definitive agreement calling for settlement of this matter with:

    a. a payment being made to the Plaintiff by a relative of the Defendant (his father) who was allegedly involved in this matter;

    b. the execution of a mutual confidential settlement agreement; and

    c. a stipulation of dismissal without prejudice as to this action.

---

**ORAL ARGUMENT REQUESTED**

4. On October 6, 2003 written documentation effectuating the settlement was sent to the Defendant calling for the settlement to be effectuated before the end of October;

5. Subsequently, Plaintiff's counsel had a phone conversation with the Defendant's relative and it was agreed that the settlement could be effectuated in November.

6. To date the Defendant has neither:

   a. a. paid the settlement;

   b. executed the settlement agreement;

   c. requested additional time for payment;

   d. responded to the proposed Fed. R. civ. P.26(f) report.

   e. made required disclosures pursuant to Fed. R. civ. P.26(a)

This failure to effectively participate in the development and submission of the joint Fed. R. civ. P.26(f) report. violates the Defendant's obligations to pursuant to D. Conn.L.Civ.R. 38 and Fed. R. Civ. P. 26(f). Additionally, the failure to abide by the settlement agreement is, itself is a form of default upon which this court has the inherent power to take action upon.

Accordingly, the Plaintiff Moves for an order:

   1. That default be entered against the Defendant as to liability and that a hearing for the assessment of damages be scheduled; **or**

   2. Enforcing the settlement agreement, which called for:

      a. Execution of the confidential mutual settlement agreement already submitted to the Defendant;

      b.    Payment pursuant to the agreement; and

      c.    A dismissal without prejudice   **or**

3.    Schedule a hearing to set up a new scheduling order and enter an order requiring the Defendant to:

    a.    pay the Plaintiff's attorney's fees incurred by plaintiff's counsel related to the settlement agreement and incurred through this motion; and

    b.    make his disclosures pursuant to Fed. R. civ. P.26(a)

Respectfully Submitted for the Plaintiff,
DIRECTV, Inc.
By Its Attorney,

_____
John M. McLaughlin (CT16988)
**Mailing Address for
Requested Service of All Papers**
MCLAUGHLIN SACKS
31 Trumbull Road
Northampton, MA 01060
Telephone: (413) 586-0865

Local Address
Pursuant to D. Conn. L. Civ. R. 2(c):
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT 06732-2518

2/9/04
Date

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| DIRECTV, Inc. ) | Case No.: 303CV0487-AWT |
| ) | |
| Plaintiff, ) | AFFIDAVIT OF ATTORNEY FOR |
| ) | PLAINTIFF'S REQUEST FOR DEFAULT |
| vs. ) | |
| ) | |
| Alex Farkash ) | |
| ) | |
| Defendant ) | |

Now comes John M. McLaughlin, Attorney for the Plaintiff in the above-entitled action, and, on oath, states the following:

1. On March 19, 2003, the Plaintiff filed a Complaint against the Defendant, Alex Farkash, in United States District Court, alleging violations of 47 U.S.C. § 605 and violations of 18 U.S.C § 2511.

2. On May 1, 2003, the said Defendant was served by leaving the pertinent documentation at the usual place of **abode** of the Defendant by a person who is not a party to this action (see copy of Return of Service marked **Exhibit A**, attached hereto, and made a part hereof).

3. On various dates during the summer and up to September 25, 2003 the undersigned in the Defendant were in settlement negotiations and discussed issues required be discussed in the conference pursuant to Fed. R. Civ. P. 26(f)

4. Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 38, a Report of the Parties' Planning Meeting was sent to the Defendant on September 25, 2003.

5. The plaintiff's initial disclosures pursuant to Fed. R. Civ. P. 26(a) were also sent to the Defendant along with the joint report

Page    1

6. On or about October 3, 2003, Plaintiff's counsel reached verbal settlement with the Defendant.

7. To date, the Defendant has failed and neglected to effectuate the terms of the settlement set forth.

8. To date, there has been no written response to the 26(f) documentation;

9. The defendant has made no disclosure to the Plaintiff has required by Fed. R. Civ. P. 26(a);

Subscribed and sworn to, under the pains and penalties of perjury, this ___9___ day of __Feb__, 2004.

_____
Date

Respectfully Submitted for the Plaintiff,
DIRECTV, INC.
By Its Attorney,

_____
John M. McLaughlin (CT16988)
MCLAUGHLIN SACKS, LLC
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865

Page    2

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| DIRECTV, Inc. | ) Case No.: 303CV0487-AWT |
| | ) |
| Plaintiff, | ) **MEMORANDUM IN SUPPORT OF** |
| | ) **PLAINTIFF'S MOTION FOR DEFAULT** |
| vs. | ) **OR OTHER SANCTIONS** |
| | ) |
| ALEX FARKASH | ) |
| | ) |
| | ) |
| Defendant | ) |

## I.    THE FACTS

On or about March 19, 2003 the Plaintiff, a satellite television company, filed a four count Complaint against the Defendant alleging that the Defendant had violated certain Federal statutes by engaging in or assisting in the unauthorized interception of the Plaintiff's satellite television signals.

During the summer and up until on or about September 25, 2003 Plaintiff's counsel and the defendant were in negotiations and discussed issues pertinent to the conference required pursuant to Fed. R. civ. P.26(f). A proposed 26(f) was sent to the Defendant, along with the disclosures pursuant to pursuant to Fed. R. civ. P.26(a) on or about September 25, 2003. After a number of phone calls between Plaintiff's counsel and the Defendant, the Defendant alleged that his father was involved in this action. After discussions with the Defendant and his father by telephone at the defendant home a settlement was reached on or about October 3, 2003. Immediately thereafter written document effectuating the terms of the settlement was sent to the defendant. In a subsequent conversation with a Plaintiff's counsel the defendant's father stated the settlement would be effectuated in November 2003.

To date the Defendant has not effectuated the settlement, there has been no written response to the 26(f) documentation, there has been no 26(a) disclosure by the Defendant and there have been no further requests for time to effectuate this settlement.

## II.    ANALYSIS

**1.    Failure to Effectively Participate in Development and Submission Of Joint Statement**

D. Conn. L. Civ. R. 38 provides, in part: "Within thirty (30) days after the appearance of any Defendant, the attorneys of record and any unrepresented parties who have appeared in the case shall confer for the purposes described in Fed.R.Civ.P. 26 (f)." Fed.R.Civ.P. 26(f), itself, also provides that the parties "must" confer on a variety of issues.

Fed. R. Civ. P. 37 provides, in part: "If a party or a party's attorney fails to participate in good faith in the developed and submission of a proposed discovery plan as required by rule 26(f), the court may, after opportunity for hearing, order such party or attorney to pay any other party to reasonable expenses, including attorney's fees, caused by the failure." While the Defendant did initially confer with the Plaintiff's counsel. Thereafter, he has failed to participate by not returning and executed joint report.

Clearly, the Defendant's total lack of response amounts to a failure to participate in the development of the discovery plan. The "reasonable expenses" incurred by the Plaintiff because of the Defendant's failure to confer or participate in the development of the discovery plan are the costs incurred through this Motion .

**2.    Failure to abide by settlement agreement  Appear at His Deposition**

There was a clear agreement to settle this matter was documented into written settlement agreement. The agreement documented the terms and conditions of the settlement.

Plaintiff's counsel was informed that Defendant needed into November. The request for more time to pay was not repudiation of the agreement. Based upon the fact that there was an agreement to settle this civil action this Federal District Court can and should enforce the settlement agreement. See *DiMartino v. City of Hartford*, 636 F. Supp 1241 (D. Conn. 1986).

Respectfully Submitted for the Plaintiff,
DIRECTV, Inc.
By Its Attorney,

2/9/04
Date

John M. McLaughlin (CT16988)
**Mailing Address for**
Requested Service of All Papers
**MORSE & SACKS**
31 Trumbull Road
Northampton, MA  01060
Telephone: (413) 584-1287

Local Address
Pursuant to D. Conn. L. Civ. R. 2(c):
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT  06732-2518

3